## Kittie B. Dice et al., Defendants in Error, v. Dale Wallace and James S. Catherwood, Plaintiffs in Error.

1. PRINCIPAL AND AGENT, § 35*—*right of agent to purchase principal's property for resale.* Where defendants acted as agents for a woman whose property they had under control, and in a final settlement of their affairs bought of her, without a complete disclosure of conditions to her advantage, a piece of real estate for $2,200 and immediately sold it for $5,000 to a purchaser with whom they were negotiating at the time for its sale at said price, *held* that they were rightly decreed to account to her for the $5,000 with interest, and without any allowance of a commission for consummating the sale, as they occupied a fiduciary relation to the owner.

2. BROKERS, § 61*—*effect of bad faith.* A broker's bad faith will forfeit his right to commissions and profits in a transfer of real estate.

Error to the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded with directions. Opinion filed October 16, 1914. Rehearing denied November 6, 1914. *Certiorari* denied by Supreme Court (making opinion final).

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

C. M. Briggs and Jay Briggs, for plaintiffs in error.

A. B. Dennis, for defendants in error.

Mr. Justice Scholfield delivered the opinion of the court.

This is a writ of error to the Circuit Court of Vermilion county to review a decree rendered in a suit between the defendants in error and the plaintiffs in error for an accounting. The case was heard upon the amended bill, answers, replications, master's report and exceptions thereto. Both parties filed objections and exceptions to said report and have filed errors and cross-errors in this court. Upon a hearing a decree was rendered against the plaintiffs in error on the accounting and they were ordered to pay the defendant in error Kittie B. Dice the sum of $2,683.48. The decree also allowed the plaintiffs in error a commission of $271.17, and did not allow the defendant in error, Kittie B. Dice any interest.

The evidence shows that on December 20, 1902, the defendant in error Kittie B. Dice conveyed by deed to the plaintiff in error Dale Wallace real estate described as follows: All of Dice's first addition to Hoopeston that remained unsold, together with lots, one, two, three and four of Dice's subdivision of part of section 14, township 23 north, range 12 west, which lies just west of and adjoining Dice's first addition to Hoopeston, to sell for and account to her for the proceeds after paying certain debts.

Plaintiffs in error were agents for Mrs. Dice. They had her property under their control and occupied a fiduciary relation with her and were bound to disclose to her everything to her advantage. They properly accounted to her, so far as disclosed for all the property sold except the last tract of five acres (block 2).

This, on a final settlement of their affairs, they bought of her without a complete disclosure of condi-

tions for $2,200, and immediately sold it for $5,000. to a purchaser with whom they were negotiating at the time for its sale at $5,000. The decree is right in requiring them to account to her for the $5,000, but cross-errors by defendants in error are well assigned. Under the above facts no commission should be allowed to plaintiffs in error, and they should be charged with interest at five per cent. on $2,954.65 from October 20, 1904, the day the lot was sold by plaintiffs in error for $5,000.

The defense of laches cannot prevail under the pleading and evidence in this case. The decree will be reversed and remanded at the costs of plaintiffs in error with directions to enter a decree in conformity with this opinion.

*Reversed and remanded with directions.*